# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YARBROUGH PLASTERING, INC., et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED CLAIMS | Case No.: 1:15-CV-01811- JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Initial Disclosures:  4/15/2016<br><br>Status Conference:<br>　　5/19/2016 at 9:00 a.m.<br><br>Cross-motions for summary adjudication/judgment re: the policy meaning of the policy terms<br>　　Filing:  6/30/2016<br>　　Opposition:  7/15/2016<br>　　Replies:  7/29/2016<br>　　Hearing:  8/11/2016, 9:00 a.m. |

**I.** **Date of Scheduling Conference**

March 30, 2016.

**II.** **Appearances of Counsel**

Heather Whitmore appeared on behalf of Plaintiff.

Elizabeth Estrada appeared on behalf of Defendant Yarbrough Plastering, Inc.

Ronald Echeguren appeared on behalf of Counter- Defendant DiBuduo & Defendis Insurance Brokers, LLC.

**III.** **Claims against "Doe" Defendants**

Claims against "Doe" and fictitiously-named defendants and counter-defendants are hereby

1

**DISMISSED**.

## IV. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **April 15, 2016**.

Until the parties file their reply briefs for the cross-motions for summary adjudication/summary judgment related to the meaning of the insurance policy term "per claim," the parties may conduct discovery related only to the topics raised by the cross motions. The parties are strongly encouraged to permit informal discovery on this topic. In the event that discovery disagreement arises, counsel SHALL involve the Court as necessary to assist in the moving the matter forward.

A status conference is scheduled for **May 19, 2016** at 8:30 a.m. A Joint Status Conference Report SHALL be filed no later than **May 13, 2016** and shall be e-mailed, in Word format to, JLTorders@caed.uscourts.gov. The report SHALL detail the discovery completed and that which remains to be completed and discuss any impediments to filing the cross motions for summary adjudication/judgment. Counsel may appear by telephone via the CourtCall service.

## V. Non-dispositive motions

No written discovery motions may be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

## VI. Cross-Motions for Summary Adjudication/Judgment Schedule

The cross motions related to the meaning of the terms in the insurance policy, "per claim," "per occurrence," or on a "per lawsuit" basis SHALL be filed no later than **June 30, 2016.** Oppositions SHALL be filed no later than **July 15, 2016** and the optional replies may be filed no later than **July 29,**

**2016**. A hearing on the matter is set on **August 11, 2016** at 9:00 a.m.  In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

The motions and the oppositions **SHALL NOT** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL NOT** exceed 15 pages, exclusive of evidentiary objections. Any objections to the evidence **SHALL** be filed at the same time as the opposition.[1] A hard-copy, courtesy copy of all filings related to the motions **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the United States Courthouse, 510 19th Street Suite 200, Bakersfield, CA 93301, at the same time the filing is submitted. All of the pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least seven days before** the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. **In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.**

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

///

---

[1] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

**VII.     Settlement Conference**

If the parties desire a conference with the Court, they may file a joint written request for a settlement conference.  Alternatively, the parties may file a joint written request for referral to the Court's Voluntary Dispute Resolution Program.

**VIII.    Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**IX.      Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **March 30, 2016**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

4