**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YARBROUGH PLASTERING, INC., et al.,<br><br>　　　　　Defendants.<br>_____<br>AND RELATED CLAIMS | Case No.: 1:15-CV-01811- JLT<br><br>ORDER GRANTING JUDGMENT TO YARBROUGH PLASTERING, INC, AND RICKY LEE YARBROUGH<br><br>ORDER STAYING THE ACTION AS TO THE CROSS-COMPLAINT |

　　On September 29, 2016, the Court granted summary judgment to Yarbrough Plastering, Inc. and Ricky Yarbrough.  (Doc. 42)  The Court finds that the order granting summary judgment involved a controlling question of law as to which there is substantial ground for difference of opinion.  The Court finds also there is no just reason to delay appeal. Therefore, according to the Court's authority under Fed. R. Civ. P. 54(b), the Court **DIRECTS** entry of judgment in favor of Yarbrough Plastering, Inc. and Ricky Yarbrough and against ProBuilders Specialty Insurance Company, RRG.

　　In addition, the Court's inherent power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248,

254 (1936); see also <u>Gold v. Johns–Manville Sales Corp</u>., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Landis</u>, 299 U.S. at 254–55.  In determining whether to issue a stay, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed.  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir.1962).

Here, the parties agree that the matter of the cross-complaint may be stayed pending the outcome of the appeal sought by ProBuilders. (Docs. 44, 46, 47) Notably, the cross-complaint becomes operative only if the Court's judgment is overturned by the Court of Appeals.  Given the novelty of the issue analyzed by the Court in awarding summary judgment, the outcome of the appeal may be uncertain.  Thus, Court finds that staying the action will preserve judicial resources, the resources of the parties, it will preserve the status quo and will not prejudice any party.  Accordingly, the matter is **STAYED**.

**ORDER**

For the reasons set forth above,  the Court ORDERS:

1. The Court **DIRECTS** entry of judgment in favor of Yarbrough Plastering, Inc. and Ricky Yarbrough and against ProBuilders Specialty Insurance Company, RRG;

2. The action is **STAYED**.  **<u>No later than 14 days after</u>** the decision issued by the Ninth Circuit Court of Appeals, the parties **SHALL** file a joint statement setting forth the status of the matter and whether the stay should be lifted.

IT IS SO ORDERED.

Dated:   **October 28, 2016**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE